UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SYLVESTER DOVE

VERSUS

STATE   FARM   FIRE   AND
CASUALTY COMPANY, BEAR
INDUSTRIES, INC. AND GET
MAD SERVICES LLC

CIVIL ACTION

NO. 16-740-JJB-RLB

## RULING

This matter is before the Court on a Motion to Dismiss the Complaint For Failure to State

a Claim (Doc. 14) brought by the Defendant, Get Mad Services, LLC (hereinafter Get Mad

Services). The Plaintiff, Sylvester Dove, filed an Opposition (Doc. 17), and the Defendant filed a

Reply (Doc. 19). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28

U.S.C. § 1332. For the reasons stated herein, the Defendant's Motion to Dismiss is **DENIED.**

## I.   BACKGROUND

The following factual allegations are taken from the Complaint (Attachment to Doc. 1) and

are treated as true for purposes of this Motion.[1] As the result of the 2016 catastrophic flooding in

South Louisiana, a large number of automobiles, which were insured by defendant, State Farm

Fire and Casualty Company (hereinafter State Farm), were damaged and destroyed.  State Farm

recovered these automobiles and had them transported to the property owned by defendant, Bear

Industries, in order to be decontaminated.  At the Bear Industries property, Get Mad Services,

contracted with State Farm to perform the decontamination and cleaning services.  On or about

August 25, 2016, Plaintiff, Mr. Dove, was employed by Get Mad Services as a laborer to perform

the decontamination and cleaning by pressure washing the automobiles on the property.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

During his approximate three weeks of working for Get Mad Services, Mr. Dove was allegedly exposed to excessive amounts of contaminated water and debris, during the process of pressure washing the State Farm automobiles. The water used by the defendants was contaminated with or became contaminated with *Legionella Pneumophila*, which is a deadly water borne bacteria that results in severe pneumonia when ingested. Mr. Dove was unaware that the water was contaminated with this deadly bacteria. Due to the continued exposure to the *Legionella Pneumophila*, Mr. Dove contracted "Legionnaires Disease," requiring hospitalization and extensive medical treatment. Plaintiff claims that the processes, equipment and property were negligently maintained by defendants, which caused the serious injuries and medical conditions suffered by Mr. Dove.

Mr. Dove instituted this action in the 18th Judicial District Court for the Parish of Iberville, and the suit was properly removed here, pursuant to 28 U.S.C. § 1332. The damages alleged by Mr. Dove are as follows: past, present and future pain and suffering, past, present and future mental anguish, embarrassment, humiliation, loss of enjoyment of life, medical expenses, permanent impairment, loss of wages and/or earning capacity.

During the time of his alleged exposure, Mr. Dove was an employee of defendant, Get Mad Services. In support of its Motion to Dismiss, Get Mad Services asserts that plaintiff's tort claims are barred under the Louisiana Worker's Compensation Act (La. R.S. 23:1031). In opposition, Plaintiff argues that the exclusivity provisions of the Worker's Compensation Act do not apply because: (1) the exposures to *Legionella Pneumophila* were not a precipitous event or "accident" happening suddenly or violently; and (2) the plaintiff's exposures to *Legionella Pneumophila* were not conditions characteristic of and peculiar to his particular trade, occupation, process, or employment.

2

## II.   DISCUSSION

Under Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[2] The Court, "[i]n reviewing a Rule 12(b)(6) motion . . . must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff."[3] Still, the plaintiff must assert facts sufficient to demonstrate that he may plausibly be entitled to relief.[4]

### A.    "Event" or "Accident"

Under the Louisiana Worker's Compensation Act, an employee who sustains personal injuries caused by an "accident" in the course of his employment is generally limited to worker's compensation benefits.  However, the Act defines an "accident" as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration."[5]

It is insufficient for a plaintiff to plead "conclusory allegations, unwarranted factual inferences, or legal conclusions" in order to survive a Motion to Dismiss.[6]  In this case, however, Plaintiff alleges his injuries occurred due to prolonged exposure to *Legionella Pneumophila* rather than a sudden or violent happening, in order to make out a plausible claim in tort.  Plaintiff cites *Watters v. Department of Social Services* where the court found that continuous exposure to noxious contaminants from mold in an office building did not constitute an "accident" under the

---

[2] *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))
[3] *Davis v. Bellsouth Telecomm.*, Civil Action No. 11–722–FJP–SCR, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996))
[4] *Ashcroft*, 556 U.S. at 678.
[5] LSA-R.S. 23:1021(1).
[6] *Ferrer v. Chevron Corp.*, 484 F. 3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

3

Louisiana Worker's Compensation Act.[7]  Likewise, the court in *Ruffin v. Poland Enterprises, L.L.C.* found exposure to mold in the workplace fell outside the scope of the Act.[8]  Similarly, Mr. Dove has sufficiently alleged that his injuries arose out of continuous exposure to noxious bacteria, rather than from any accident happening suddenly or violently, to survive the Motion to Dismiss.

Moreover, Defendant has failed to cite rulings that interpret the current definition of "accident" under the Louisiana Worker's Compensation Act.  When courts interpret provisions of the Worker's Compensation Act, the basic history and policy of the compensation movement must be taken into account.[9]  In 1989, the definition of "accident" was amended to its current, more restrictive definition.  Specifically, the amendment added the requirements that an "accident" be an "actual, identifiable, precipitous" event "directly" producing objective findings of an injury that is "more than simply a gradual deterioration or progressive degeneration."[10]   Clearly, this additional language was intended to reverse the jurisprudential trend that had been established prior to 1989 by restricting the applicability of an "accident" in the worker's compensation context.[11] Defendant cites *Parks v. Insurance Company of North America* where the Supreme Court of Louisiana held that bronchitis from continued exposure did constitute an "accident," but this ruling pre-dated the 1989 amendments, which substantially changed the definition of an "accident" under the LWCA.  Therefore, any case pre-dating the 1989 amendments has very questionable application to this case, as the term "accident" no longer carries the same meaning.

Defendant also cites *Arrant v. Graphic Packaging Int'l, Inc.* where the Court found that occupational noise-induced hearing loss falls within the definition of "accident" under the LWCA.

---

[7] *Id.*

[8] *Ruffin v. Poland Enterprises, L.L.C*, 06-0244 (La. App. 4 Cir. 12/13/06), 946 So.2d 695, *writ denied*, 07-0314 (La. 4/20/07), 954 So.2d 163.

[9] *Arrant v. Graphic Packaging Int'l, Inc.*, 2013-2878 (La. 5/5/15), 169 So. 3d 296, 301.

[10] *Id.* at 319, (Knoll, J., Dissenting).

[11] *Id.*

However, the Court explicitly stated that "noise-induced hearing loss qualifies as a 'personal injury by accident' within the meaning of La. Rev. Stat. 23:1021(1), at least until the definition of 'accident' was revised in 1990."[12]  Thus, this ruling does not carry much weight in determining the scope of the *current* (emphasis added) definition of "accident."  *Arrant* is the only case cited by defendant that was decided after the 1989 amendments, but the *Arrant* court fails to determine whether the injury would constitute an "accident" under the *current* (emphasis added) definition of "accident" under the Louisiana Worker's Compensation Act.

## B.    "Occupational Disease"

The plaintiff further asserts that the injuries he sustained were not caused by "Occupational Disease" as that term is defined in the Act.  The Act provides worker's compensation benefits to "[e]very employee who is disabled because of the contraction of an occupational disease as herein defined."  An "Occupational Disease" is defined as a "disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process, or employment in which the employee is exposed to such disease."[13]  The applicability of "Occupational Diseases" is further limited by the Act in stating, "[d]egenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart related or perivascular disease are specifically excluded from the classification of an occupational disease for purposes of this section."[14]

Mr. Dove argues that his contraction of *Legionnaires Disease* was not due to "conditions characteristic of and peculiar" to his position as a pressure washing employee of Get Mad Services.  Apparently, there are no cases directly on the issue of whether the exposure to *Legionella*

---

[12] *Id.* at 305.
[13] LSA-R.S. 23:1031.1(B)
[14] *Id.*

5

*Pneumophila* is a condition peculiar to employment as a pressure washer. The Plaintiff cites *Watters* where the court held that continuous mold exposure was not an "Occupational Disease," because the employees were not in particular positions that mold exposure was part of their ordinary course of business.[15] Similarly, the court in *Ruffin* found that injuries arising from prolonged exposure to mold did not constitute an "Occupational Disease."[16] Contrarily, defendants cites the *Arrant* court, which found that hazardous levels of industrial noise causing hearing loss was a condition very characteristic of and peculiar to employment in a paper mill or box plant involving machinery producing high levels of industrial noise.[17] However, the Court finds that the facts in the *Arrant* case are readily distinguishable from those presented here.

In short, the Court finds that Mr. Dove has alleged scant but sufficient facts to survive defendant's motion, as it pertains to Mr. Dove's injuries being an "Occupational Disease." At this stage of the proceedings, the conditions characteristic of and peculiar to employment as a pressure washer appears to be a matter for summary judgment.

Accordingly, Defendant's Motion to Dismiss the Complaint for Failure to State a Claim (Doc. 14) is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 1, 2017.

 

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] *Watters v. Dept. of Social Services*, 15 So.2d 1128, 1141 (La.App. 4th Cir. 2009).
[16] *Ruffin v. Poland Enterprises, L.L.C.*, 2006-0244 (La. App. 4 Cir. 12/13/06), 946 So. 2d 695, 699, writ denied, 2007-0314 (La. 4/20/07), 954 So. 2d 163.
[17] *Arrant* at 309.